USCA1 Opinion

 

 August 4, 1992 [NOT FOR PUBLICATION] ____________________ No. 92-1021 UNITED STATES, Appellee, v. JULIAN DuPONT, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Shane Devine, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Campbell, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Julian DuPont on brief pro se. _____________ Jeffrey R. Howard, United States Attorney, and Jean B. Weld, __________________ _____________ Assistant United States Attorney, on brief for appellee. ____________________ ____________________ Per Curiam. On the record as developed in the ___________ district court, we agree with the district court's conclusion that the notice sent was reasonably calculated to notify appellant of the forfeiture proceeding and hence was constitutionally adequate. See Stateside Machinery Co. v. ___ _______________________ Alperin, 591 F.2d 234, 240-42 (3rd Cir. 1979) (service, sent _______ to party's last known address, was reasonably calculated to apprise party of action, and adversary was not required to contact party's counsel in an effort to locate the party once service was returned unclaimed). Appellant argues for the first time on appeal that in March 1989 when the notice was sent, the government had actual knowledge of appellant's new address. Appellant did not raise this argument below, however, and hence can not raise it for the first time on appeal. Moreover, the factors on which appellant relies for knowledge -- the government's failure to assert change of address without notice as a ground for revocation of bail and the August 14, 1989 PSR's notation of appellant's new address -- do not show that in March 1989 the government knew of appellant's change of address. Appellant's motion for appointment of counsel is denied. Affirmed. ________ -2-